UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LEALEM MULUGETA, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 4:16-CV-3593 |
| | § | |
| NATIONAL AERONAUTICS AND SPACE | § | |
| ADMINISTRATION, *et al*, | § | |
| | § | |
| Defendants. | § | |

## ORDER AND OPINION

Pending before the Court is Federal Defendant NASA's Motion to Dismiss (Document No. 12), Plaintiff's Response (Document No. 13), NASA's Reply (Document No. 15), and Plaintiff's Sur-reply (Document No. 16). Having considered these filings, the facts in the record, and the applicable law, the Court concludes that NASA's Motion (Document No. 12) should be denied.

Background

Plaintiff has filed the pending lawsuit against Defendants NASA, Charles F. Bolden ("Bolden"), and Universities Space Research Association ("USRA"). (Document No. 1). Plaintiff alleges that he, an "African male from Ethiopia," was "employed by NASA and USRA from April 2009 through September 2015." *Id*. at 3. Plaintiff "was hired by USRA to work for NASA's Digital Astronaut Project ("DAP"). USRA issued Mulugeta his pay and benefits with funding from NASA." *Id*. During his employment Plaintiff alleges that he was subject to "discrimination, disparate treatment and a persistent and pervasive hostile work environment." *Id*. at 4. Plaintiff was eventually terminated from employment in September 2015. *Id*. at 11.

Standard of Review

Rule 4(i) discusses service on the United States and its agencies, corporations, officers, or employees:

> (1) United States. To serve the United States, a party must:
> (A)(i) deliver a copy of the summons and of the complaint to the United States attorney for the district where the action is brought--or to an assistant United States attorney or clerical employee whom the United States attorney designates in a writing filed with the court clerk--or
> (ii) send a copy of each by registered or certified mail to the civil-process clerk at the United States attorney's office;
> (B) send a copy of each by registered or certified mail to the Attorney General of the United States at Washington, D.C.; and
> (C) if the action challenges an order of a nonparty agency or officer of the United States, send a copy of each by registered or certified mail to the agency or officer.
> (2) Agency; Corporation; Officer or Employee Sued in an Official Capacity. To serve a United States agency or corporation, or a United States officer or employee sued only in an official capacity, a party must serve the United States and also send a copy of the summons and of the complaint by registered or certified mail to the agency, corporation, officer, or employee.

Rule 4(m) gives a time limit for this service, stating that "[i]f a defendant is not served within 90 days after the complaint is filed, the court -- on motion or on its own after notice to the plaintiff -- must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period."

"To establish good cause, a litigant must demonstrate 'at least as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice.' Additionally, the claimant must make a showing of good faith and establish 'some reasonable basis for noncompliance within the time specified.'" *Sys. Signs Supplies v. U.S. Dep't of Justice, Washington, D.C.*, 903 F.2d 1011, 1013 (5th Cir. 1990) (citations omitted). However, "[e]ven in the absence of good cause, a district court retains discretion to dismiss the case without prejudice or extend the time for

service." *Richardson v. Livingston*, No. 2:14-CV-464, 2017 WL 2537425, at *2 (S.D. Tex. June 12, 2017) (citing *Thompson v. Brown*, 91 F.3d 20, 21 (5th Cir. 1996)).

However, "[i]f the applicable statute of limitations likely bars future litigation, a district court's dismissal of claims under Rule 4(m) should be reviewed under the same heightened standard used to review a dismissal with prejudice. Because dismissal with prejudice is an extreme sanction that deprives a litigant of the opportunity to pursue his claim, it is warranted only where a clear record of delay or contumacious conduct by the plaintiff exists and a lesser sanction would not better serve the interests of justice. To warrant dismissal, we must find a delay longer than just a few months; instead, the delay must be characterized by significant periods of total inactivity." *Thrasher v. City of Amarillo*, 709 F.3d 509, 512–13 (5th Cir. 2013) (citations and internal quotations omitted).

Discussion

The pending lawsuit was filed on December 7, 2016, and therefore Plaintiff had until March 7, 2017 to serve the United States (as required by Rule 4(i) above). However, according to NASA's Motion to Dismiss, neither the United States Attorney's Office nor the Attorney General of the United States had been served as of March 27, 2017. (Document No. 12 at 2). Only NASA and Charles Bolden were timely served. *Id*. at 2-3. Due to this failure NASA asks that the claims against it be dismissed without prejudice. *Id*. at 6.

In response to NASA's Motion to Dismiss, Plaintiff filed a response in which he states that he served a copy of the summons and complaint on the U.S. Attorney's Office for the Southern District of Texas on March 28, 2017, and sent a copy of each by certified mail to the Attorney General of the United States at Washington D.C. on March 29, 2017. (Document No. 13 at 1-2). Plaintiff requests a 30 day extension of time to effectuate service, so that the service

which already occurred on March 28, 2017 and March 29, 2017 would be timely. *Id*. at 7. Plaintiff also states that dismissal of his claims without prejudice would "entirely extinguish his Title VII claims, because Plaintiff would be unable to refile those claims under the timetable required by his Right to Sue." *Id*. at 3. Therefore Plaintiff does not argue that good cause existed for his failure, but instead argues that, under the heightened standard of review discussed in *Thrasher*, his claims should not be dismissed because there has not been a clear record of delay, he has not shown contumacious conduct, and he rectified the issue immediately. *Id*. at 3-7.

In reply NASA first points to Plaintiff's failure to articulate good cause for the delayed service, arguing that mistakes of counsel or simple inadvertence are not sufficient "good cause." (Document No. 15 at 4) (citing *Winters v. Teledyne Movible Offshore*, 776 F.2d 1304, 1306 (5th Cir. 1985)). NASA then states that it does not believe that any "heightened standard" should apply here, because Plaintiff may still maintain his Title VII claims against USRA. *Id*. at 5. NASA also insists that Plaintiff cannot maintain a claim against NASA regardless, because he was not a federal employee, but was only an employee of USRA. *Id*. at 6.

In his sur-reply Plaintiff argues that he was a joint employee of NASA and USRA, and again argues that, under the heightened standard of review, it would not be appropriate to dismiss his claims against NASA. (Document No. 16).

The Court agrees that the heightened standard of review applies here. NASA does not dispute that dismissal of Plaintiff's claims without prejudice would bar future suits against it. Instead NASA only argues that Plaintiff is unable to maintain a suit against it regardless, and that it is sufficient that his claims against USRA will remain. This is not an argument which is appropriately raised in a Rule 12(b)(5) motion. As explained in *Thrasher*, the fact that dismissal without prejudice would bar Plaintiff's claims against NASA requires the use of a heightened

standard; it is irrelevant whether those claims will eventually succeed or whether other defendants will remain afterward. NASA makes no argument that there is a clear record of delay or that any contumacious conduct has occurred. Furthermore, Plaintiff rectified the lack of service within one day of becoming aware of it, and within weeks of the original deadline. This does not constitute the lengthiness of delay required by the standard, and there have clearly been no periods of total inactivity in this case. Therefore the Court does not believe that dismissal of Plaintiff's claims would serve the interests of justice. In addition, even without the heightened standard, the Court is within its discretion to extend the time for service despite Plaintiff's failure to demonstrate good cause.

Conclusion

For these reasons the Court will grant Plaintiff's request for an extension of time to complete service and will deny NASA's Motion to Dismiss. The Court hereby

ORDERS that NASA's Motion to Dismiss (Document No. 12) is DENIED. Plaintiff's time to effectuate service in this case will be EXTENDED by 30 days from the date of the entry of this order.

SIGNED at Houston, Texas, this 15th day of August, 2017.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE